UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 09-1574(DSD/JJG)

James R. Duncan,

       Plaintiff,

v.                                     **ORDER**

LaSalle (Management) Group
Limited and Theresa Morrison,

       Defendants.

    Carolyn H. Beck, Esq., Larrin Bergman, Esq., Nathaniel P. Longley, Esq. and Kinney & Lange, P.A., 312 South Third Street, Minneapolis, MN 55415, counsel for plaintiff.

    Trevor S. Oliver, Esq. and Kelly and Lemmons, P.A., 7300 Hudson Boulevard, Suite 200, St. Paul, MN 55128, counsel for defendants.

This matter is before the court on defendants LaSalle Management Group Ltd. ("LaSalle") and Theresa Morrison's ("Morrison") motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). After a review of the file, record and proceedings herein, and for the following reasons, the court grants defendants' motion.

**BACKGROUND**

This employment-discrimination dispute arises out of LaSalle's May 1, 2008, termination of plaintiff James R. Duncan ("Duncan"). Duncan is a sixty-four year old African-American man with twenty years of janitorial experience. (Compl. ¶ IV.) On April 23, 2008,

LaSalle hired Duncan as a full-time caretaker for the Lewis Park Apartments ("Lewis Park") in St. Paul.[1] (Id.) Duncan went to Lewis Park on April 24, 2008, to meet his co-worker,[2] Morrison, and tour the premises. (Id.) While waiting for Morrison to arrive, Duncan spoke with several tenants who mentioned that three African-American men had previously held the caretaker position. (Id.) On a prior occasion, Tina Eckman ("Eckman"), LaSalle's human resources representative, had told Duncan that those employees "didn't work out." (Id.)

After waiting for Morrison for two hours, Duncan left the premises. (Id.) Duncan then called Eckman and complained about Morrison's failure to meet him. (Id.) Eckman assured Duncan that she would have Morrison contact him to reschedule. (Id.) Later that evening, Morrison called Duncan and they agreed to meet the next day. (Id.) At the meeting, Morrison did not give Duncan the keys, access card, or garage door opener to Lewis Park because she had not yet received the necessary paperwork. (Id.)

LaSalle held an orientation for the caretaker position on April 28, 2008. (Id.) At the orientation, Duncan met "Brad," a twenty-two year old Caucasian man with two years of janitorial experience who LaSalle had assigned to work at a Minneapolis

---

[1] Duncan was sixty-three years old at the time of his employment with LaSalle. (Beck Aff. Ex. C at 1.)

[2] LaSalle maintains that Morrison was Duncan's direct supervisor. (Def.'s Mem. Supp. 4.)

2

facility without supervision. (Id.) Duncan reported for work at Lewis Park from April 29 to May 1, 2008. (Id.) "Patricia," a young woman who worked as a part-time caretaker, was also present. (Id.) According to Duncan, he was "assigned to do the brunt of the dirty work," and Morrison engaged in "a lot of harassment and raising the voice [sic]," had "temper flares about nothing," and "did not know how to treat me as an[] equal co-worker." (Id.)

On May 1, 2008, Morrison terminated Duncan's employment. (Beck Aff. Ex. A at 1.) When Duncan inquired about the reason for his termination, LaSalle told him that he was employed on an at-will basis and let go "simply because it did not work out." (Id. Ex. A at 3.) On May 27, 2008, Duncan filed a complaint against LaSalle with the Minnesota Department of Human Rights and the Equal Employment Opportunity Commission, alleging race and age discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"). (Id. Ex. C at 1-2.) After receiving right-to-sue letters from both agencies, Duncan filed this suit on June 19, 2009, alleging race and age discrimination and reprisal in violation of Title VII, the

ADEA and the Minnesota Human Rights Act ("MHRA").[3] The court now considers defendants' September 9, 2009, motion to dismiss for failure to state a claim.[4]

**DISCUSSION**

**I.   Rule 12(b)(6) Standard**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 129 S. Ct. at 1949 (quotations and citation omitted).

---

[3] Duncan filed his complaint pro se. He has since obtained representation.

[4] Morrison joined LaSalle in filing the motion to dismiss on October 26, 2009. (Doc. No. 22.)

4

## II. Merits

In cases involving indirect evidence, such as here, the court applies the McDonnell Douglas burden-shifting framework to discrimination and reprisal claims.[5] McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800-05 (1973); see also King v. United States, 553 F.3d 1156, 1160 (8th Cir. 2009) (ADEA); Recio v. Creighton Univ., 521 F.3d 934, 938-39 (8th Cir. 2008) (reprisal). Under that framework, a plaintiff must first establish a prima facie case of discrimination. See Humphries v. Pulaski County Special Sch. Dist., 580 F.3d 688, 692 (8th Cir. 2009). The defendant then must articulate a legitimate nondiscriminatory reason for its actions. See id. at 692-93. The burden then shifts back to the plaintiff to produce evidence demonstrating that the defendant's reason is pretext for unlawful discrimination. See id. at 693.

### 1. Age Discrimination

The court first considers Duncan's age-discrimination claim. To establish a prima facie case of age discrimination, Duncan must show that: (1) he was at least forty years old; (2) was terminated; (3) was meeting LaSalle's reasonable expectations at the time of his termination; (4) and was replaced by someone substantially

---

[5] The court analyzes MHRA discrimination and reprisal claims under the same framework. See Ramlet v. E.F. Johnson Co., 507 F.3d 1149, 1152 (8th Cir. 2007) (MHRA age discrimination claim); Riser v. Target Corp., 458 F.3d 817, 820 & n.2 (8th Cir. 2006) (MHRA race discrimination claim); Thorn v. Amalgamated Transit Union, 305 F.3d 826, 830 (8th Cir. 2002) (MHRA reprisal claim).

5

younger. See Roeben v. BG Excelsior Ltd. P'ship, 545 F.3d 639, 642 (8th Cir. 2008). While Duncan has established the first two elements, he has not pleaded facts suggesting that LaSalle replaced him with a substantially younger employee or engaged in any other acts that would give rise to an inference of age discrimination. Accordingly, Duncan has not alleged a plausible claim of age discrimination, and the court dismisses this claim.

### 2. Race Discrimination

With respect to Duncan's race discrimination claim, he must set forth a prima facie case by showing that: (1) he is a member of a protected class; (2) that he was meeting his employer's legitimate job expectations; (3) that he suffered an adverse employment action; and (4) that similarly situated employees outside the protected class were treated differently. See Fields v. Shelter Mut. Ins. Co., 520 F.3d 859, 864 (8th Cir. 2008). In this case, only the fourth element is disputed.

Duncan alleges that Brad and Patricia are similarly situated to him because they were employed by LaSalle as caretakers. Duncan argues that Morrison treated him differently from Brad and Patricia by failing to meet him on April 24, 2008, refusing to provide him keys or other access to Lewis Park prior to the orientation, treating him poorly while at work and assigning him the "brunt of the dirty work." (Compl. ¶ IV.) Duncan alleges that these actions, as well as the fact that three prior African American

caretakers "didn't work out," indicate that defendants treated him differently due to his race. (Id.)

The test to determine whether employees are similarly situated at the prima facie stage of the McDonnell Douglas analysis is unsettled in the Eighth Circuit. See Rodgers v. U.S. Bank, N.A., 417 F.3d 845, 851 (8th Cir. 2005) (noting that cases apply "low threshold" or "rigorous" test to determine whether employees are similarly situated). The court need not choose which test to apply, however, because Duncan has not pleaded facts sufficient to demonstrate that defendants treated Brad and Patricia differently from him. Nothing before the court indicates that the work experiences of Brad and Patricia were significantly different from that of Duncan. As a result, the court cannot reasonably infer from Duncan's pleadings that defendants treated him differently because of his race. Due to the speculative nature of Duncan's pleadings, dismissal of his race discrimination claim is warranted.

**3. Reprisal**

Duncan next alleges that LaSalle terminated him in retaliation for complaining to Eckman about Morrison on April 24, 2008. To establish a prima facie case of retaliation, Duncan must show that: (1) he engaged in protected conduct; (2) reasonable employees would have found the challenged retaliatory action materially adverse;

7

and (3) the materially adverse action was causally linked to the protected conduct. See Recio, 521 F.3d at 938-39 (quotation omitted).

Duncan's claim fails, however, because he has not pleaded facts establishing causation. A causal link requires evidence that "retaliatory motive played a part in the adverse employment action." Kipp v. Mo. Highway & Transp. Comm'n, 280 F.3d 893, 897 (8th Cir. 2002) (quotation omitted). The mere fact that Duncan was terminated four business days after complaining to Eckman does not suffice to show a retaliatory motive. See Peterson v. Scott County, 406 F.3d 515, 524 (8th Cir. 2005) (more than temporal connection between complaint and adverse action necessary to establish retaliation). After Duncan complained to Eckman, he met with Morrison, attended LaSalle's orientation and worked for several days. These facts suggest that an intervening factor caused Duncan's termination. Duncan offers no other evidence to support a finding that his termination was caused by his April 24, 2008, complaint. Therefore, the court cannot reasonably infer a causal connection and dismisses Duncan's retaliation claim.

## CONCLUSION

Based on the above, **IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. No. 8] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 15, 2010

                                            <u>s/David S. Doty</u>
                                            David S. Doty, Judge
                                            United States District Court